UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DELORES DUPREE,<br><br>         Plaintiff,<br>v.<br>CEASARS ENTERTAINMENT,<br><br>         Defendant. | Case No. 2:16-cv-03013-JAD-PAL<br><br>**ORDER**<br><br>(IFP Application – ECF No. 1) |

This matter is before the court on Plaintiff Delores Dupree's Application to Proceed *In Forma Pauperis* (ECF No. 1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Ms. Dupree is proceeding in this action *pro se*, which means that she is not represented by an attorney. *See* LSR 2-1. She has requested authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a complaint. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without the prepayment of fees and costs if the person files an IFP application including an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. The standard for IFP eligibility requires that an applicant be "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" is left to the court's discretion, based upon the information a plaintiff submits. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*,

1

787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself "with the necessities of life." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993). The court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases). Thus, the affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

If an individual is unable or unwilling to verify his or her poverty, the court has the discretion to make a factual inquiry into a plaintiff's financial status and to deny their IFP application. *See Marin v. Hahn*, 271 F. App'x 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's IFP request because he "failed to verify his poverty adequately"); *Broemer v. C.I.A.*, 33 F. App'x 341, 341–42 (9th Cir. 2002) (affirming the district court's denial of IFP application where applicant failed to answer all of the questions in his "Declaration in Support of Request to Proceed In Forma Pauperis").

Here, Ms. Dupree has requested authority to proceed IFP and submitted the affidavit required by § 1915(a). However, her IFP Application is incomplete. The affidavit states that her take-home pay is $23,000 per year (approximately $1,916 per month), but she did not describe and provide any specific information regarding her monthly expenses. As a result, the court cannot determine whether she is eligible to proceed IFP. The court will therefore deny the IFP Application (ECF No. 1) without prejudice and instruct the Clerk of the Court to mail Ms. Dupree a blank IFP application. She will have until **July 21, 2017**, to submit the completed application or pay the full $400 filing fee.

Additionally, the court notes that the Complaint (ECF No. 1-1) consists of only a few conclusory sentences of factual allegations and it makes no request for relief. The allegations are not sufficient to allow a lawsuit to proceed. The Complaint also fails to comply with LR IA 10-2,

2

which provides the required format for court filings. The court appreciates that it is difficult for *pro se* parties to litigate their claims; thus, Ms. Dupree is advised to familiarize herself with the Federal Rules of Civil Procedure and the Local Rules of Practice.[1] She may also be able to participate in the Federal Court Ask-A-Lawyer program coordinated by the Legal Aid Center of Southern Nevada.[2]

If Ms. Dupree chooses to file an amended complaint, she must do so by **July 21, 2017**. The Clerk of the Court will be instructed to mail her a blank form complaint for employment discrimination claims.[3] Although a form complaint cannot cover every type of employment discrimination case, it does highlight certain types of information that is useful to the court for screening purposes and may aid plaintiffs in stating a colorable claim.

The amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim she has showing she is entitled to relief; and (3) a demand for the relief she seeks. *See* Fed. R. Civ. P. 8(a). An amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). This means a plaintiff should summarize the information she believes to be relevant in her own words for each claim asserted in the amended complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action"). Plaintiffs are advised to support each of his claims with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216. If multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Plaintiffs must state "enough facts to raise a reasonable expectation that discovery will

---

[1] The Federal Rules of Civil Procedure may be accessed on the United States Courts website at: uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Rules of Practice may be accessed and downloaded from this court's website at: nvd.uscourts.gov.

[2] Information about the Federal Court Ask-A-Lawyer program is available on the Legal Aid Center of Southern Nevada's website at lacsn.org/what-we-do/ask-a-lawyer or by calling 702-386-1070.

[3] The Complaint for Employment Discrimination, Pro Se Form 7, is also available for download on the United States Courts' website at uscourts.gov/forms/pro-se-forms/complaint-employment-discrimination.

reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Ms. Dupree is also informed that the court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because, as a general rule, an amended complaint supersedes the original complaint. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, as in an original complaint, each claim must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Delores Dupree's Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED WITHOUT PREJUDICE.
2. Ms. Dupree shall have until **July 21, 2017**, to file a completed IFP Application or pay the $400 filing fee.
3. Ms. Dupree's failure to comply with this Order by: (a) submitting a completed IFP Application, or (b) paying the $400 filing fee on or before the **July 21, 2017** deadline will result in a recommendation to the district judge that this case be dismissed.
4. The Clerk of the Court SHALL FILE the Complaint (ECF No. 1-1) but ***SHALL NOT*** issue summons.
5. The Clerk of the Court shall MAIL Ms. Dupree: one blank IFP application (AO 240), one blank form complaint for employment discrimination (Pro Se 7), one copy of her original Complaint, and one copy of this Order.
6. The Complaint is DISSMISSED with leave to file an amended complaint by **July 21, 2017**.
7. The amended complaint must be a complete document in and of itself and will

supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

8. Ms. Dupree shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Complaint for Employment Discrimination" in the caption and write 2:16-cv-3013-JAD-PAL as the "Case No."

9. Ms. Dupree's failure to comply with this Order by submitting an amended complaint by the **July 21, 2017** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 20th day of June, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE