UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DELORES DUPREE,<br><br>                              Plaintiff,<br>v.<br><br>CEASARS ENTERTAINMENT,<br><br>                              Defendant. | Case No. 2:16-cv-03013-JAD-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP Application – ECF No. 6) |

Before the court are Plaintiff Delores Dupree's Application to Proceed *In Forma Pauperis* (ECF No. 1) and Amended Complaint (ECF No. 7). The Application and Amended Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Ms. Dupree is proceeding in this action *pro se*. She commenced this action by filing an Application for Leave to Proceed *In Forma Pauperis* ("IFP") and proposed complaint in December 2016. ECF No. 1. However, her IFP Application was incomplete. The court denied the IFP Application without prejudice and instructed Dupree to submit a completed application. Order (ECF No. 4). The court further explained that the allegations in her complaint were not sufficient to allow a lawsuit to proceed since it consisted of only a few conclusory sentences of facts and it made no request for relief. *Id.* The court dismissed the complaint with leave to amend and instructed Ms. Dupree to provide a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim she has showing she is entitled to relief; and (3) a demand for the relief she seeks. *Id.* The Clerk of Court was instructed to mail Dupree a blank form complaint for employment discrimination claims to highlight certain types of information that is useful to the court for screening purposes and may aid plaintiffs in stating a colorable claim. *Id.*

Dupree timely filed a second IFP Application and Amended Complaint. (ECF Nos. 6, 7).

## I. IN FORMA PAUPERIS APPLICATION

Pursuant to 28 U.S.C. § 1915 and LSR 1-1, any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed IFP. Here, Ms. Dupree has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed IFP will be granted and the court will now review the Amended Complaint (ECF No. 7).

## II. SCREENING THE COMPLAINT

After granting a litigant's IFP request, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). If the complaint states a valid claim for relief, the court will direct the Clerk of the Court to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### A. Ms. Dupree's Factual Allegations and Claims for Relief

Dupree submitted the Amended Complaint (ECF No. 7) on the court's form complaint for employment discrimination claims. She names Bally's Hotel as the defendant/former employer. She indicates that the basis for this court's jurisdiction is Title VII of the Civil Rights Act of 1964.

Dupree alleges that Bally's discriminatory conduct was the termination of her employment, which occurred on August 21, 2015. She is still unable to work due to high blood pressure. Am. Compl. at 4, 7. She alleges that Bally's discriminated against her based on her gender/sex and

states her employer was "always bugging me about being alone." *Id.* at 4. In a statement attached to the Amended Complaint, Dupree alleges, "I was terminated because of High Blood Pressure. Discriminated for race. So one under me was already complaining she wanted my position. And actually refused to work my shift." [*sic*] *Id.* at 7.

Section IV of the Amended Complaint addresses exhaustion of administrative remedies. Dupree did not answer the question asking for the date on which she filed a charge with the Equal Employment Opportunity Commission. *Id.* at 5. However, she indicates that a Notice of Right to Sue letter has not been issued. *Id.*[1]

For the reasons discussed below, the court finds that the Amended Complaint fails to state a plausible claim for employment discrimination and recommends dismissal without prejudice.

**B. Legal Standard**

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff fails to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as the grounds for the court's jurisdiction and a demand for relief. Fed. R. Civ. P. 8(a). To avoid dismissal on a Rule 12(b)(6) review, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual

---

[1] Ms. Dupree also indicates that 60 days or more have elapsed since the defendant's alleged discriminatory conduct. *Id.* at 5. However, this answer was in response to a question directed only to individuals alleging age discrimination, and Dupree does not allege age discrimination in her Amended Complaint.

[2] Any reference to a "Rule" or the "Rules" in this order refer to the Federal Rules of Civil Procedure.

content that allows the court to make a reasonable inference that a defendant is liable for the misconduct alleged. *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Id.* at 678. Merely reciting the elements of a cause of action and providing only conclusory allegations will not be enough to survive the court's review. *Id.* at 679–80. This requires a plaintiff to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). For the purpose of a Rule 12(b)(6) review, well-plead factual allegations are accepted as true, but vague allegations, unreasonable inferences, and legal conclusions are not entitled to the assumption of truth. *Teixeira*, 873 F.3d at 678. A complaint should be dismissed where the claims have not crossed the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

**C. Analysis**

The allegations in the Amended Complaint attempt to assert a claim for employment discrimination pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII"). She did not check the box indicating she was attempting to bring a claim under Americans with Disabilities Act, 42 U.S.C. §§ 12112–12117 ("ADA"), although she states she was terminated because of high blood pressure.

1. <u>Administrative Exhaustion</u>

Before filing employment discrimination claims in federal court pursuant to Title VII and the ADA, plaintiffs must exhaust their administrative remedies by a filing charge of discrimination. 42 U.S.C. § 2000e-5 (Title VII), § 12117 (ADA); *see also Munoz v. Mabus*, 630 F.3d 856, 861 (9th Cir. 2010) ("Title VII and the EEOC's implementing regulations set forth specific administrative procedures that a complainant must first exhaust before gaining access to the federal courts on a discrimination complaint."). The purpose of filing a charge prior to initiating a lawsuit is to give the charged employer notice of the claim, provide an agency with notice and an

opportunity to investigate the charge, and narrow the issues for prompt adjudication and decision. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002).

A charge of discrimination is filed with the federal Equal Employment Opportunity Commission ("EEOC") or the Nevada Equal Rights Commission ("NERC"). *See* 29 C.F.R. § 1601.74(a). Once an employee files a charge with the NERC or EEOC, one of the agencies investigates the allegations, attempts to reach a settlement, and decides whether to sue the employer or refer the decision to sue to the Attorney General if the charge is against a state or local governmental entity. 42 U.S.C. § 2000e-5 (Title VII), § 12117 (ADA). If the agency does not to sue, and if there is no settlement that is satisfactory to the employee, the EEOC will issue the employee a right to sue letter and the plaintiff will have exhausted his administrative remedies. *Id.* An employee may only sue the employer for a Title VII or ADA violation after he has received a right to sue letter. *Id.*; *see also Yellow Freight Sys.*, *Inc. v. Donenelly*, 494 U.S. 820, 825 (1990).

Here, Ms. Dupree states that the EEOC has not issued a Notice of Right to Sue letter. Am. Compl. at 5. Thus, she has not exhausted her administrative remedies, which is a prerequisite to filing a lawsuit in federal court alleging claims under Title VII and the ADA. Because Dupree has not exhausted her administrative remedies, and her amended complaint does not state a claim on which relief may be granted, the court will recommend dismissal without prejudice. Because she is not represented by counsel, the court will also briefly explain why she fails to state actionable claims for employment discrimination.

2. Discrimination Based on Race or Gender

Title VII allows an individual to sue an employer for discrimination on the basis of race, color, religion, gender, or national origin. *See* 42 U.S.C. § 2000e-5. In this case, Ms. Dupree alleges discrimination on the basis of race and gender. To establish a Title VII discrimination claim, a plaintiff must allege: (1) she is a member of a protected class; (2) she was qualified for her position and performing her job satisfactorily; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside of her protected class were "treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Exec. Jet Mgmt. Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010);

42 U.S.C. § 2000e-3(e). An adverse employment action is one that materially affects the compensation, terms, conditions, and privileges of employment. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008).

The Amended Complaint fails to state a plausible claim for discrimination on the basis of race or gender. Although Ms. Dupree checked a box on the form indicating she was discriminated against based on gender/sex, she does not allege any supporting facts. She alleges Bally's was "always bugging [her] about being alone." Am. Compl. at 4. Dupree does not allege how "being alone" is related to her gender or sex. *See Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 81 (1998) (plaintiffs must allege enough facts to show discrimination took place "because of sex"). In addition, Ms. Dupree fails to allege she is a member of a protected racial class, which includes but is not limited to African American, Hispanic, or Native American. Dupree alleges she experienced an adverse employment action because her employment was terminated. However, she does not allege that she was qualified for her position and performing his job satisfactorily or that similarly situated employees outside of her protected class were treated more favorably. Dupree merely alleges that a co-worker complained that she wanted Dupree's position but refused to work Dupree's shift. The allegations in the Amended complaint do not state a colorable Title VII claim for discrimination based on race or gender.

### 3. Discrimination Based on Disability

The ADA makes it unlawful for covered entities, including private employers, to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112 (a); *see also Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 477 (1999). Discrimination includes the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship" on the entity's business operation. 42 U.S.C. § 12112(b)(5)(A). To qualify for relief under the ADA, a plaintiff must allege that he or she: (1) is a disabled person within the meaning of the ADA; (2) is qualified, with or without

reasonable accommodation, to perform the essential job functions; and (3) suffered an adverse employment action because of the disability. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012).

Only a "qualified individual with a disability" may state a claim for discrimination under the ADA. *Kennedy v. Applause*, *Inc.*, 90 F.3d 1477, 1480–81 (9th Cir. 1996). The ADA defines "qualified individual with a disability" as an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m); *see also Kennedy*, 90 F.3d at 1481. The ADA defines the term "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

The Amended Complaint fails to allege a colorable claim under the ADA. Ms. Dupree alleges she was terminated because of high blood pressure, which the court construes as an allegation that she is a disabled person within the meaning of the ADA. She alleges she suffered an adverse employment action—termination—because of her disability. However, she does not allege that she was qualified to perform the essential functions of her job with or without reasonable accommodation. Thus, Ms. Dupree has not stated a plausible ADA claim.

**III.   FAILURE TO CURE PLEADING DEFICIENCIES**

In the initial Order (ECF No 4), the court granted Ms. Dupree leave to amend her original complaint but instead of curing the deficiencies as instructed, she attached the exact statement from the initial complaint that the court found "conclusory" and insufficient to allow the lawsuit to proceed. The only new fact added to the Amended Complaint (Bally's was "always bugging me about being alone") does not meet Rule 8(a)'s standard. Furthermore, the Amended Complaint reveals that the EEOC has not issued a Notice of Right to Sue letter.

A plaintiff who is granted leave to cure pleading deficiencies but fails to do so can be subject to dismissal without leave to amend yet again. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). The Ninth Circuit has held it is reasonable for a district court to conclude that a plaintiff "simply *cannot* state a claim" when he "knowingly and repeatedly

refuses to conform his pleadings to the requirements of the Federal Rules." *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (quoting *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011)). Because Ms. Dupree has amended her complaint but still has not provided a short and plain statement of her claims, and she has affirmatively indicated that she did not exhaust her administrative remedies, the court recommends dismissal without prejudice.

Based on the foregoing,

**IT IS ORDERED:** Plaintiff Delores Dupree's Application to Proceed *In Forma Pauperis* (ECF No. 6) is **GRANTED.**

**IT IS RECOMMENDED** that:

1. The Amended Complaint (ECF No. 7) be **DISMISSED without prejudice** for failure to (a) exhaust administrative remedies, or (b) state a claim upon which relief may be granted.

2. The Clerk of Court be directed to close this case and enter judgment.

Dated this 29th day of January 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district

1  court's acceptance of this Report of Findings and Recommendation without further review. *United*
2  *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  In addition, failure to file timely
3  objections to any factual determinations by a magistrate judge may be considered a waiver of a
4  party's right to appellate review of the findings of fact in an order or judgment entered pursuant to
5  the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P.
6  72.